BENJAMIN B. WAGNER
United States Attorney
R. STEVEN LAPHAM
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California  95814
Telephone:  (916) 554-2724

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. S-07-018 EJG |
| ) | |
| Plaintiff, ) | ORDER DENYING |
| ) | MOTION TO DISMISS INDICTMENT |
| v. ) | ON DOUBLE JEOPARDY GROUNDS |
| ) | |
| GLORIA GIANNINI, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

This matter came on regularly for hearing on April 23, 2010, on defendant's motion to dismiss the indictment on double jeopardy grounds.  Assistant U.S. Attorney R. Steven Lapham appeared on behalf of the United States.  Krista Hart appeared on behalf of the defendant, who was personally present.

Having considered the briefs filed by both parties and all other pleadings filed in the case, and good cause appearing therefor, the motion is hereby DENIED.

The court finds that by entering a plea of guilty to wire fraud in this case the defendant waived any double jeopardy claim arising out of her prior admission to a violation of supervised release in the Northern District of California.  See United States v. Broce,

1

1  109 S.Ct. 757 (1989).  The court also finds that, in the context of
2  this case, defendant's double jeopardy claim is neither factually
3  nor legally applicable.  <u>United States v. Soto-Olivas</u>, 44 F.3d 788
4  (9th Cir. 1995); <u>United States v. Carlton</u>, 534 F.3d 97 (2nd Cir.
5  2008).

6  With respect to the defendant's remaining contention, that the
7  government's filing of the instant case is a breach of the plea
8  agreement entered in connection with the supervised release
9  violation in the Northern District, the court finds that the word
10 "investigation," as used by the prosecutor in reciting the terms of
11 the Northern District agreement, is not ambiguous, and therefore
12 there is no occasion to resort to extrinsic evidence to determine
13 what the parties reasonably understood to be the terms of the
14 agreement.  See <u>United States v. Clark</u>, 218 F.3d 1092 (9th Cir.
15 2000).  That said, even if the court were to find that the word
16 "investigation" is ambiguous, the court finds that the extrinsic
17 evidence unambiguously shows that the fraud for which the defendant
18 was indicted in this district was not reasonably encompassed in the
19 Northern District investigation and that the defendant's
20 interpretation of the word "investigation" to include the $4 million
21 fraud charged in this case is "patently unreasonable and without
22 support in the language of the agreement or the expressed intentions
23 of the parties."  <u>Id</u>. at 1096-97.

24 Additional reasons supporting the court's conclusions are
25 contained in the transcript attached hereto.
26 DATED: May 10, 2010

27                                  /s/ Edward J. Garcia
                                   HON. EDWARD J. GARCIA
28                                 Senior United States District Judge

2